1  DAVID L. ANDERSON (CABN 149604)
United States Attorney

2

HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  MICHELLE J. KANE (CABN 210579)
MATTHEW A. PARRELLA (NYBN 2040855)
5  Assistant United States Attorneys

6       1301 Clay Street, Suite 340S
         Oakland, California 94612
7       Telephone: (510) 637-3680
         FAX: (510) 637-3724
8       michelle.kane3@usdoj.gov

9  Attorneys for United States of America

10

                    UNITED STATES DISTRICT COURT
11
                 NORTHERN DISTRICT OF CALIFORNIA
12
                          OAKLAND DIVISION
13

14  UNITED STATES OF AMERICA,              )   CASE NO. CR 18-00450 JD
                                           )
15              Plaintiff,                  )   **STIPULATED INTERIM ATTORNEYS' EYES
                                           )   ONLY PROTECTIVE ORDER**
16       v.                                 )
                                           )   Trial Date: June 24, 2019
17  HANG CHEN                               )   Courtroom No. 11, 19th Floor, San Francisco
    a/k/a Henry Chen,                       )
18                                          )
                Defendant.                  )
19                                          )
                                           )
20  _____)

21       With the agreement of the parties, the Court enters the following Protective Order:

22       Defendant is charged with violations of 18 U.S.C. §§ 545 and 2320. As directed by the Court, the

23  United States will produce copies of the forensic images or other data extracted from the electronic

24  devices identified as Evidence Numbers D1602611_Ln001, D1602610_Ln001, and D1602610_Ln002.

25  The United States will also produce financial records designated with Bates numbers LC-001146 – LC-

26  001981, LC-003168 – LC-003171, LC-004111 – LC-004816, and LC-021034 – LC-021682.

27  Collectively these items will be described herein as the "Discovery Material."

28       The Discovery Material to be provided includes documents or other materials falling into one or

more of the following categories (collectively, "Protected Information"):

1. Personal Identifying Information of any individual (other than his or her name), including without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members names, or criminal histories ("Personal Identifying Information");

2. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information"); and

3. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPPA) ("Medical Information").

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that the United States will label the media containing the Discovery Material "Confidential – Protected Information pursuant to Court Order – Attorney's Eyes Only."

**IT IS FURTHER ORDERED** that defense counsel of record, their investigators, assistants, and employees (collectively, "the defense counsel team") may review all discovery material produced by the government, but shall not allow defendant to view, provide defendant with copies of, permit defendant to make copies of, or have unsupervised access to, any discovery material produced by the government designated as Protected, unless the Personal Identifying Information, Financial Information, and/or Medical Information has first been **entirely redacted** from the discovery materials. The government and defense counsel are ordered to work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's order. Discovery material that clearly pertains to a specific defendant and does not contain Protected Information regarding any other person (*e.g.*, defendant's own bank records, telephone records, and business records) may be provided to that defendant unredacted.

Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case. The defendant, all members of the defense counsel team, and any experts who receive discovery under this Order shall be provided a

copy of this Order along with those materials and shall sign and date the Acknowledgment reflecting their agreement to be bound by it.

The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

This Order shall also apply to any copies made of any materials covered by this Order.

**IT IS FURTHER ORDERED** that neither a defendant nor any member of the defense counsel team shall provide any discovery material produced by the government—whether or not the material constitutes or contains Protected Information within the meaning of this Order—to any third party (*i.e.*, any person who is not a member of the defense team) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court. If a party files a pleading that references or contains or attaches Protected Information subject to this Order, that filing must be under seal.[1]

**IT IS FURTHER ORDERED** that defense counsel shall return materials subject to this Protective Order (including any copies) to the United States within 14 days after whichever event occurs last in time: dismissal of all charges against the defendant; defendant's acquittal; defendant's sentencing; or the conclusion of any direct appeal. After the United States receives documents and materials subject to this Order, it shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order. If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order. Defendant's attorney in any motion under 28 U.S.C. § 2255 shall return the documents and materials subject to this Protective Order within 14 days after the district court's ruling on the motion or 14 days after the conclusion of any direct appeal of the district court's order denying the motion, whichever is later. This stipulation is without prejudice to either party applying to the Court to modify the terms of

//

---

[1] This Order authorizes such filings under seal and the parties are not required to seek additional authorization from the Court to do so.

any protective order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

DATED: May 7, 2019

Respectfully Submitted,

DAVID L. ANDERSON
United States Attorney

_____/s/_____
MICHELLE J. KANE
MATTHEW A. PARRELLA
Assistant United States Attorneys

Dated: May 7, 2019

_____/s/_____
TIMOTHY CRUDO
Counsel for HANG CHEN

IT IS SO ORDERED.

Dated: ___May 9, 2019___

Judge James Donato

**AGREEMENT TO BE BOUND BY**
**STIPULATED INTERIM PROTECTIVE ORDER**

The undersigned, defendant HANG CHEN, and his counsel in the above-captioned case, CR 18-00450 JD, hereby acknowledge that he has received a copy of the Stipulated Interim Protective Order, has read, understands, and agrees to be bound by all of the provisions thereof, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

Dated: 5.7.19

TIMOTHY CRUDO
Counsel for HANG CHEN

Dated: 5/6/2019

HANG CHEN
Defendant

**ACKNOWLEDGEMENT OF
STIPULATED INTERIM PROTECTIVE ORDER**

The undersigned hereby acknowledges that he or she has received a copy of the Stipulated Interim Protective Order issued in *United States v. Hang Chen,* No. CR 18-00450 JD, has read, understands, and agrees to the terms of the Stipulated Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Protective Order and the punishment of any violations thereof.

Dated:_____

_____
Signature

_____
Printed Name

_____
Street Address

_____
City, State, and Zip Code

_____
Area Code and Telephone Number

_____
Email Address